Jade Jurdi (SBN 273401)
*jjurdi@steptoe.com*
**STEPTOE LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Tel: (213) 439-9400
Fax: (213) 439-9599

Daniel S. Blynn (*pro hac vice* pending)
*dblynn@steptoe.com*
**STEPTOE LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036
Tel: (202) 429-3000
Fax: (202) 429-3902

Hector Chavez (*pro hac vice* pending)
*hchavez@steptoe.com*
**STEPTOE LLP**
717 Texas Avenue, Suite 2800
Houston, TX 77002
Tel: (713) 221-2300
Fax: (713) 221-2320

*Attorneys for Defendant
Molina Healthcare, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK RHEBB, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>MOLINA HEALTHCARE, INC., a Delaware corporation,<br><br>          Defendants. | Case No. 2:26-cv-01488-HDV-PD<br><br>Hon. Hernán D. Vera<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** |

Defendant Molina Healthcare, Inc. ("Molina" or "Defendant") answers Plaintiff Rick Rhebb's Class Action Complaint as follows.[1]

1.      Molina admits only that Plaintiff purports to bring a putative class action under the Telephone Consumer Protection Act ("TCPA"). Molina denies that it violated the TCPA, denies that Plaintiff is entitled to any relief, and denies that class certification is appropriate.

2.      Molina denies the allegations in paragraph 2.

3.      Molina denies the allegations in paragraph 3.

**Jurisdiction and Venue**

4.      Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, Molina admits only that the Complaint purports to invoke this Court's subject matter jurisdiction.

5.      Paragraph 5 contains legal conclusions to which no response is required.

6.      Molina denies the allegations in paragraph 6.

**Parties**

7.      Molina lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies them.

8.      Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Molina denies the allegations in paragraph 8.

9.      Molina admits the allegations in paragraph 9.

10.      Molina admits the allegation in paragraph 10.

11.      Molina admits that it periodically uses prerecorded messages in limited outbound calls consistent with the consent it has received from its members.

---

[1] Headings in the Complaint are not allegations and require no response. To the extent a response is required, they are denied.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TO COMPLAINT

**Factual Allegations**

12.     Molina lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies them.

13.     Molina denies the allegations in paragraph 13.

14.     Molina admits the allegations in paragraph 14.

15.     Molina denies the allegations in paragraph 15 to the extent it avers to all referenced calls.

16.     Molina lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies them.

17.     Molina lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies them.

18.     Molina lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies them.

19.     Molina lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies them.

20.     Molina denies the allegations in paragraph 20.

21.     Molina denies the allegations in paragraph 21.

22.     Molina denies the allegations in paragraph 22.

23.     Molina denies the allegations in paragraph 23.

24.     Molina denies the allegations in paragraph 24.

25.     Molina lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies them.

26.     Molina lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies them.

27.     Molina denies the allegations in paragraph 27.

28.     Molina denies the allegations in paragraph 28.

29.     Molina denies the allegations in paragraph 29.

30.     Molina denies the allegations in paragraph 30.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TO COMPLAINT

31.    Molina lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies them.

32.    Paragraph 32 contains legal conclusions to which no response is required. To the extent a response is required, Molina denies the allegations in paragraph 32.

33.    Molina denies the allegations in paragraph 33.

**Class Action Allegations**

34.    The allegations in paragraph 34 express arguments, opinions, and legal conclusions which do not require a response. To the extent a response is required, Molina denies the allegations in paragraph 34. Molina further denies that class certification is appropriate in this matter.

35.    The allegations in paragraph 35 express arguments, opinions, and legal conclusions which do not require a response. To the extent a response is required, Molina denies the allegations in paragraph 35. Molina further denies that class certification is appropriate in this matter.

36.    The allegations in paragraph 36 express arguments, opinions, and legal conclusions which do not require a response. To the extent a response is required, Molina denies the allegations in paragraph 36. Molina further denies that class certification is appropriate in this matter.

37.    The allegations in paragraph 37 express arguments, opinions, and legal conclusions which do not require a response. To the extent a response is required, Molina denies the allegations in paragraph 37. Molina further denies that class certification is appropriate in this matter.

38.    The allegations in paragraph 38 express arguments, opinions, and legal conclusions which do not require a response. To the extent a response is required, Molina denies the allegations in paragraph 38. Molina further denies that class certification is appropriate in this matter.

39.    Molina denies the allegations in paragraph 39.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TO COMPLAINT

40. The allegations in paragraph 40 express arguments, opinions, and legal conclusions which do not require a response. To the extent a response is required, Molina denies the allegations in paragraph 40. Molina further denies that class certification is appropriate in this matter.

41. Molina denies the allegations in paragraph 41.

42. Molina lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies them.

43. The allegations in paragraph 43 express arguments, opinions, and legal conclusions which do not require a response. To the extent a response is required, Molina denies the allegations in paragraph 43. Molina further denies that class certification is appropriate in this matter.

44. The allegations in paragraph 44 express arguments, opinions, and legal conclusions which do not require a response. To the extent a response is required, Molina denies the allegations in paragraph 44. Molina further denies that class certification is appropriate in this matter.

45. The allegations in paragraph 45 express arguments, opinions, and legal conclusions which do not require a response. To the extent a response is required, Molina denies the allegations in paragraph 45. Molina further denies that class certification is appropriate in this matter.

46. The allegations in paragraph 46 express arguments, opinions, and legal conclusions which do not require a response. To the extent a response is required, Molina denies the allegations in paragraph 46. Molina further denies that class certification is appropriate in this matter.

47. The allegations in paragraph 47 express arguments, opinions, and legal conclusions which do not require a response. To the extent a response is required, Molina denies the allegations in paragraph 47. Molina further denies that class certification is appropriate in this matter.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TO COMPLAINT

48.     The allegations in paragraph 48 express arguments, opinions, and legal conclusions which do not require a response. To the extent a response is required, Molina denies the allegations in paragraph 48. Molina further denies that class certification is appropriate in this matter.

49.     The allegations in paragraph 49 express arguments, opinions, and legal conclusions which do not require a response. To the extent a response is required, Molina denies the allegations in paragraph 49. Molina further denies that class certification is appropriate in this matter.

50.     The allegations in paragraph 50 express arguments, opinions, and legal conclusions which do not require a response. To the extent a response is required, Molina denies the allegations in paragraph 50. Molina further denies that class certification is appropriate in this matter.

51.     The allegations in paragraph 51 express arguments, opinions, and legal conclusions which do not require a response. To the extent a response is required, Molina denies the allegations in paragraph 51. Molina further denies that class certification is appropriate in this matter.

52.     The allegations in paragraph 52 express arguments, opinions, and legal conclusions which do not require a response. To the extent a response is required, Molina denies the allegations in paragraph 52. Molina further denies that class certification is appropriate in this matter.

53.     Molina denies that it violated the TCPA or that it placed the calls alleged in the complaint. The remaining allegations in paragraph 53 express arguments, opinions, and legal conclusions which do not require a response. To the extent a response is required, Molina denies the allegations in paragraph 53. Molina further denies that class certification is appropriate in this matter.

54.     The allegations in paragraph 54 express arguments, opinions, and legal conclusions which do not require a response. To the extent a response is

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TO COMPLAINT

required, Molina denies the allegations in paragraph 54. Molina further denies that class certification is appropriate in this matter.

55. The allegations in paragraph 55 express arguments, opinions, and legal conclusions which do not require a response. To the extent a response is required, Molina denies the allegations in paragraph 55. Molina further denies that class certification is appropriate in this matter.

56. The allegations in paragraph 56 express arguments, opinions, and legal conclusions which do not require a response. To the extent a response is required, Molina denies the allegations in paragraph 56. Molina further denies that class certification is appropriate in this matter.

57. The allegations in paragraph 57 express arguments, opinions, and legal conclusions which do not require a response. To the extent a response is required, Molina denies the allegations in paragraph 57. Molina further denies that class certification is appropriate in this matter.

58. The allegations in paragraph 58 express arguments, opinions, and legal conclusions which do not require a response. To the extent a response is required, Molina denies the allegations in paragraph 58. Molina further denies that class certification is appropriate in this matter.

59. The allegations in paragraph 59 express arguments, opinions, and legal conclusions which do not require a response. To the extent a response is required, Molina denies the allegations in paragraph 59. Molina further denies that class certification is appropriate in this matter.

60. The allegations in paragraph 60 express arguments, opinions, and legal conclusions which do not require a response. To the extent a response is required, Molina denies the allegations in paragraph 60. Molina further denies that class certification is appropriate in this matter.

61. The allegations in paragraph 61 express arguments, opinions, and legal conclusions which do not require a response. To the extent a response is

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TO COMPLAINT

required, Molina denies the allegations in paragraph 61. Molina further denies that class certification is appropriate in this matter.

62.    The allegations in paragraph 62 express arguments, opinions, and legal conclusions which do not require a response. To the extent a response is required, Molina denies the allegations in paragraph 62. Molina further denies that class certification is appropriate in this matter.

## Count I

## Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

63.    Molina incorporates by reference its responses to the preceding paragraphs of the complaint.

64.    Molina denies the allegations in paragraph 64.

65.    Molina denies the allegations in paragraph 65.

## Prayer for Relief

Immediately following paragraph 65, the complaint contains an unnumbered paragraph with subparts (a) through (j) containing Plaintiff's prayer for relief, to which no response is required. To the extent any response is required, Molina denies that Plaintiff or any putative class members are entitled to any relief in this action.

## Demand for Jury Trial

The complaint contains an unnumbered paragraph containing Plaintiff's jury demand, to which no response is required. To the extent a response is required, Molina admits only that Plaintiff purports to demand a jury trial.

## AFFIRMATIVE DEFENSES

Molina asserts the following defenses. In asserting these defenses, Molina does not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon Plaintiff. Molina reserves the right to amend or supplement its defenses as additional facts concerning its defenses become known.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TO COMPLAINT

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's and any purported class member's consent to receive the complained-of calls.

## THIRD DEFENSE

The statutory damages Plaintiff seeks on behalf of the putative class may constitute an excessive fine in violation of Molina's constitutional due process rights.

## FOURTH DEFENSE

To the extent any violation of the TCPA occurred, which Molina expressly denies, Plaintiff's claims fail because Molina has established and implemented procedures to effectively prevent telephone solicitations in violation of applicable regulations.

## FIFTH DEFENSE

To the extent any violation of the TCPA occurred, which Molina expressly denies, Plaintiff's claim is barred by the doctrine of derivative sovereign immunity because the subject calls were required by Molina Healthcare of Iowa's contracts with the Iowa Department of Health and Human Services.

## SIXTH DEFENSE

Plaintiff and/or some or all of the putative class members lack standing to sue Molina with respect to the claims alleged.

## SEVENTH DEFENSE

To the extent any violation of the TCPA occurred, which Molina expressly denies, Plaintiff's claims, and the claims of any putative class members, are exempted from liability because the calls delivered healthcare messages as defined under the HIPAA Privacy Rule or FCC exemptions for healthcare calls under certain conditions.

9

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TO COMPLAINT

## EIGHTH DEFENSE

Plaintiff's and each putative class member's claims for relief are barred because Plaintiff and each putative class member ratified, consented to, and/or approved the conduct of which they now complain.

## NINTH DEFENSE

Plaintiff's and each putative class member's claims for relief are barred by their failure to mitigate damages.

## TENTH DEFENSE

Plaintiff's and each putative class member's claim for relief are barred by the doctrines of waiver and/or unclean hands, estoppel, and/or release, based on what discovery may reveal.

## ELEVENTH DEFENSE

Plaintiff's and each putative class member's purported claims for injunctive relief are barred because Plaintiff and each putative class member cannot show that they have suffered or will suffer any irreparable harm or future harm from Molina's alleged actions.

## TWELFTH DEFENSE

Plaintiff's and each putative class member's purported claims for equitable relief, including but not limited to claims for an injunction, are barred because they have an adequate remedy at law.

## THIRTEENTH DEFENSE

Plaintiff's and each putative class member's claim for relief are barred for failure to satisfy the criteria for class certification under Federal Rule of Civil Procedure 23.

## FOURTEENTH DEFENSE

Plaintiff's and each putative class member's claim for relief is barred, in whole or in part, by the doctrine of res judicata, release, and/or the pending class

10

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TO COMPLAINT

action settlement in *Kruzel v. Molina Healthcare, Inc., et al.*, Case No. 6:23-cv-01183-AA (D. Or.).

Molina expressly reserves the right to raise additional affirmative or other defenses that may be established by discovery and the evidence in this case.

## **PRAYER FOR RELIEF**

Molina prays that (i) judgment be entered dismissing the complaint on the merits, in its entirety and with prejudice, and (ii) this Court grant such other relief as it deems just and appropriate.

Dated:  April 8, 2026

**STEPTOE LLP**

By: /s/ *Jade Jurdi*

Jade Jurdi
Daniel S. Blynn
(*pro hac vice* forthcoming)
Hector R. Chavez III
(*pro hac vice* forthcoming)

*Attorneys for Defendant
Molina Healthcare, Inc.*

11

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2026 a copy of the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Dated:  April 8, 2026                              **STEPTOE LLP**

                                                    By: /s/ *Jade Jurdi*
                                                        Jade Jurdi
                                                        Daniel S. Blynn
                                                        (*pro hac vice* pending)
                                                        Hector R. Chavez III
                                                        (*pro hac vice* pending)
                                                        *Attorneys for Defendant*
                                                        *Molina Healthcare, Inc.*

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TO COMPLAINT