Jade Jurdi (SBN 273401)
*jjurdi@steptoe.com*
**STEPTOE LLP**
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Tel: (213) 439-9400
Fax: (213) 439-9599

Daniel S. Blynn (*pro hac vice*)
*dblynn@steptoe.com*
**STEPTOE LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036
Tel: (202) 429-3000
Fax: (202) 429-3902

Hector Chavez (*pro hac vice*)
*hchavez@steptoe.com*
**STEPTOE LLP**
717 Texas Avenue, Suite 2800
Houston, TX 77002
Tel: (713) 221-2300
Fax: (713) 221-2320

*Attorneys for Defendant*
*Molina Healthcare, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICK RHEBB, individually and on behalf of all others similarly situated, | Case No. 2:26-cv-01488-HDV-PD |
| Plaintiff, | Hon. Hernán D. Vera |
| v. | **[PROPOSED] STIPULATED HIPAA QUALIFIED CONFIDENTIALITY AND PROTECTIVE ORDER** |
| MOLINA HEALTHCARE, INC., a Delaware corporation, | |
| Defendant. | |

STIPULATED HIPAA QUALIFIED CONFIDENTIALITY AND PROTECTIVE

One or more of the parties has requested the production of documents or information that at least one party considers to be or to contain confidential information, and that are subject to protection under Federal Rule of Civil Procedure 26(c).

The parties agree that good cause exists to protect the confidential nature of the information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony. This action concerns alleged violations of the Telephone Consumer Protection Act ("TCPA"). Because Plaintiff alleges telephone calls to Plaintiff and other putative class members in violation of the TCPA, the parties expect that discovery may involve the exchange of information identifying personal contact information in which third parties have a confidentiality interest, as well as the exchange of other private, proprietary, or non-public documents and information. Moreover, because the alleged calls at issue in this case may involve communications regarding preventive health services to Medicaid beneficiaries, discovery may also involve the exchange of information that qualifies as protected health information ("PHI") under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act (HITECH Act), including all applicable regulations issued by the Secretary of the United States Department of Health and Human Services, including specifically 45 C.F.R. § 164.512(e)(1), for which special protection from public disclosure and from use for any purpose other than prosecuting this action may be warranted. The parties agree that the entry of this Stipulated HIPAA Qualified Confidentiality and Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised, IT IS HEREBY ORDERED as follows:

2

STIPULATED HIPAA QUALIFIED CONFIDENTIALITY AND PROTECTIVE

1.    All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Confidential Health Information" shall be used only in this proceeding.

2.    Use of any information or documents labeled "Confidential" or "Confidential Health Information" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3.    The parties, and third parties subpoenaed by any of the parties, may designate as "Confidential" or "Confidential Health Information" documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential or contains Confidential Health Information under the applicable legal standards and as provided by this Protective Order. The party shall designate each page of the document with a stamp identifying it as "Confidential" or "Confidential Health Information," if practical to do so.

4.    If portions of documents or other materials deemed "Confidential" or "Confidential Health Information," or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

CONFIDENTIAL

3

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.

CONFIDENTIAL HEALTH INFORMATION

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL HEALTH INFORMATION AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.

If a party is filing a document that it has itself designated as "Confidential" or "Confidential Health Information," that party shall reference this Protective Order in submitting the documents it proposes to maintain under seal. If a non-designating party is filing a document that another party has designated as "Confidential" or "Confidential Health Information," then the non-designating party shall file the document under seal. If the non-designating party makes a request in writing to have the document unsealed and the designating party does not file, within ten (10) calendar days, a motion that shows good cause to maintain the document under seal, then the Court shall unseal the document. Before seeking to maintain the protection of documents filed with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure.

5. Within fourteen (14) calendar days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Confidential Health Information" any portion of the transcript that the party or witness contends discloses confidential information. If a transcript containing any such material is filed with the Court, the portion of

4

the transcript designated as "Confidential" or "Confidential Health Information" shall be filed under seal and marked in the manner described in paragraph 4. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the fourteen-day period.

6.     "Confidential" or "Confidential Health Information" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

7.     Use of any information, documents, or portions of documents marked "Confidential" or "Confidential Health Information," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel in writing or authorized by the Court:

      a.    Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

      b.    In-house counsel for the parties, and the administrative staff for each in-house counsel.

      c.    Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

      d.    Independent consultants or expert witnesses (including partners, associates, and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for

5

STIPULATED HIPAA QUALIFIED CONFIDENTIALITY AND PROTECTIVE

purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.

 e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court, and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

 f. The authors and the original recipients of the documents.

 g. Any court reporter or videographer reporting a deposition.

 h. Employees of copy services, microfilming or database services, trial support firms, and/or translators who are engaged by the parties during the litigation of this action.

8. Prior to being shown any documents produced by another party marked "Confidential" or "Confidential Health Information," any person listed under paragraph 7(c), 7(d), or 7(h) shall agree to be bound by the terms of this Protective Order by signing the agreement attached as Exhibit A.

9. Whenever information designated as "Confidential" or "Confidential Health Information" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraph 8, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

10. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or subpoenaed party, that party shall send an electronic mail communication to initiate a conferral process with counsel for the designating party. The parties will then have seven (7) calendar days thereafter to attempt to

STIPULATED HIPAA QUALIFIED CONFIDENTIALITY AND PROTECTIVE

resolve any dispute as to the confidentiality designation. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally within seven (7) calendar days, then the designating party, within ten (10) calendar days thereafter, must file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. If the designating party does not file a motion requesting that the Court determine whether the Protective Order covers the document in dispute with ten (10) calendar days of the end of the conferral period, then the challenged information will lose any protected status under this Protective Order. The designating party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

11.    The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Confidential Health Information" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Confidential Health Information." The receiving party or its counsel shall not disclose such documents or materials if that party knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure.

STIPULATED HIPAA QUALIFIED CONFIDENTIALITY AND PROTECTIVE

12.    Designation by either party of information or documents as "Confidential" or "Confidential Health Information," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Confidential Health Information."

13.    Upon the request of the producing party or third party, within thirty (30) calendar days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third party, or destroy, all information and documents subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. The party requesting the return of materials shall pay the reasonable costs of responding to its request. Notwithstanding the foregoing, counsel for a party may retain archival copies of documents or information designated as "Confidential," but must destroy and cannot retain any documents or information designated as "Confidential Health Information" or that contain PHI (no matter how documents containing PHI are designated).

14.    This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

15.    Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

STIPULATED HIPAA QUALIFIED CONFIDENTIALITY AND PROTECTIVE

16.     The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

17.     Pursuant to Federal Rule of Evidence 502(d), the production of any documents or tangible items in this proceeding shall not constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

18.     **HIPAA-Protected Information**

a.     Discovery in this litigation may involve production of confidential material or PHI, for which special protection from public disclosure and from use for any purpose other than prosecuting this action is warranted. For example, because this litigation concerns telephone calls made to individuals, discovery may include the production of records documenting such calls. Such records may include the telephone numbers called, which might be used to identify the individuals using those telephone numbers. Because these records may also include health information, the telephone numbers may be considered confidential material or PHI requiring special protection from public disclosure.

b.     PHI shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Without limiting the definition and merely for purposes of providing examples, PHI includes, but is not limited to, health information, including demographic information (i) relating to the past, present, or future physical or mental condition of an individual; the provision of care to an individual; the past, present, or future payment for care provided to an individual, and (ii) that identifies the individual, including but not limited to the name, social security number, address, or telephone number of an individual, or other

9

STIPULATED HIPAA QUALIFIED CONFIDENTIALITY AND PROTECTIVE

information for which there is a reasonable basis to believe the information can be used to identify the individual. With respect to PHI, the producing party may redact information concerning the health conditions of an individual and/or the health care provided to an individual.

c.    Any party who produces PHI in this litigation shall designate such discovery material "Confidential Health Information," in accordance with the provisions of this Protective Order.

d.    The parties and their attorneys, any future parties and their attorneys, and all Covered Entities and their Business Associates (as those terms are defined in 45 C.F.R. § 160.103), are hereby authorized to disclose, produce, receive, subpoena, and transmit PHI pertaining to this action to the minimum extent necessary for purposes of facilitating this litigation to those persons and for such purposes as designated herein.

e.    The parties shall not use or disclose PHI for any purpose other than this litigation, including any appeals. The parties may disclose PHI only to the persons identified in paragraph 7 of this Protective Order. Prior to disclosing PHI pertaining to this action received from a producing party to a person identified in paragraph 7 of this Protective Order, counsel for the receiving party shall, in addition to securing such qualified person's written agreement to abide by this Protective Order, inform each such person that PHI may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving PHI do not use or disclose such information for any purpose other than this litigation.

f.    Any party receiving PHI pursuant to this Protective Order shall maintain such PHI in a commercially reasonable, secure manner to prevent unauthorized disclosure, and shall not reveal to or discuss such PHI with any

10

STIPULATED HIPAA QUALIFIED CONFIDENTIALITY AND PROTECTIVE

person not entitled to receive it, or use such PHI any manner inconsistent with this Protective Order.

g. Upon the request of the producing party or third party after the conclusion of the litigation and including appeals, the parties, their attorneys, and any person or entity in possession of PHI received through this litigation, shall return such PHI to the producing party or destroy any and all copies of such PHI within thirty (30) calendar days of such request.

h. Nothing in this Protective Order authorizes the parties or their attorneys to obtain PHI through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or through other lawful process as required or permitted by HIPAA regulations and this Protective Order.

So stipulated:

*/s/ Anthony I. Paronich*                    */s/ Hector R. Chavez*
Anthony I. Paronich                          Hector R. Chavez

The Court has reviewed the reasons offered in support of entry of this Protective Order and finds that there is good cause to protect the confidential nature of certain information. The Court has further determined that disclosure of PHI (including but not limited to telephone numbers considered PHI) is necessary for the conduct of proceedings before it and that failure to make the disclosure would be contrary to public interest or to the detriment of one or more parties to the proceedings. Accordingly, the Court adopts the above Protective Order in this action.

**IT IS SO ORDERED.**

**DATED:** _____        _____
                                  Hon. Hernán D. Vera
                                  United States District Court Judge

11

STIPULATED HIPAA QUALIFIED CONFIDENTIALITY AND PROTECTIVE

**EXHIBIT A**

I, _____, have been advised by counsel of record for _____ in *Rick Rhebb, individually and on behalf of all others similarly v. Molina Healthcare, Inc.*, Case No. 2:26-cv-01488-HDV-PD, pending in the United States District Court for the Central District of California, of the protective order governing the use, delivery, publication, and disclosure of confidential documents and information, including confidential health information and PHI, produced in this litigation. I have read a copy of the protective order and agree to abide by its terms.

Signed:        _____

Printed:        _____

Date:            _____

12

STIPULATED HIPAA QUALIFIED CONFIDENTIALITY AND PROTECTIVE